# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **RANDY RANDALL** | **CIVIL ACTION NO. 07-2120-P** |
| **VERSUS** | **JUDGE HICKS** |
| **STEVE PRATOR, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Randy Randall ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on December 4, 2007. Plaintiff is currently incarcerated in the Natchitoches Parish Detention Center, but claims his civil rights were violated by prison officials while incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Steve Prator, John Doe, Jane Doe, Lisa McCoy, Commander Wyche, Captain Farris, Lt. Draper, Sgt. Bedford, V.H. Jones, Chaplain Whitaker, C. Flournoy, Manager Boone and Captain Harp as defendants.

Plaintiff claims that while he was incarcerated at the Caddo Correctional Center on August 16, 2007, his mother died. He claims Sgt. Lisa McCoy of the transportation department made arrangements for him to view his mother's body at the wake on August 24,

2007. Plaintiff claims that on August 24, 2007, he was not transported to the funeral home for the wake even though he wrote a reminder letter to Commander Wyche, Lt. Draper, Major V.H. Jones, Sgt. Bedford, Captain Farris and Chaplain Whitaker.

Plaintiff claims every other inmate at Caddo Correctional Center who has had an immediate family member die has been allowed to attend the wake per prison policy. He claims he was not classified as a security risk.

Plaintiff claims he suffered emotional distress and depression. He claims he is currently receiving counseling.

Accordingly, Plaintiff seeks to have the prison policy improved and punitive and actual damages.

For the reasons given below, Plaintiff's complaint should be dismissed as frivolous.

## LAW AND ANALYSIS

Plaintiff clearly seeks damages for emotional and mental distress. 42 U.S.C. § 1997e(e) requires a prisoner to show that he has sustained a physical injury in order to bring a civil action for mental or emotional injury suffered while imprisoned. This section provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury. " See also Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997) requiring plaintiff to show that he sustained a physical injury, which must be more than "*de minimis*" to support a claim for mental or emotional suffering. Plaintiff does not

allege that the cruel and unusual punishment he endured resulted in a physical injury.  Thus, his claim is precluded by Section 1997e(e).

Furthermore, Plaintiff fails to state a due process claim under the Fourteenth Amendment.  Neither federal nor state law entitles prisoners to compassionate leave or for that matter even to have contact with their families in the prison.  <u>Thomas v. Farley</u>, 31 F.3d 557, 559 (7th Cir. 1994); <u>Merrit v. Broglin</u>, 891 F.2d 169 (7th Cir. 1989); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080 (9th Cir. 1986).

However, if a state or local directive used explicitly mandatory language in placing substantive limitations on official discretion, then it was deemed that the state had conferred rights which were enforceable liberty interests, and these rights were protected by Section 1983.  <u>Kentucky Department of Corrections v. Thompson</u>, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).  Even if Plaintiff alleges that a state or local directive bestowed rights to funeral visitation, it would not be protected by Section 1983.

In <u>Sandin</u> v. <u>Connor</u>, 512 U.S. 472,115 S. Ct. 2293 (1995), the Supreme Court held that discipline by segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.  The Court recognized that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  <u>Sandin</u>, at 115 S.Ct. 2300.  However, the Court held that "these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process

Page 3 of  6

Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.  The Court then determined that segregated confinement, punitive, administrative or protective, did not impose an atypical and significant hardship on inmates in relation to the ordinary incidents of prison life.  Id., at 2301.

While the Fifth Circuit has yet to address the issue of whether Sandin applies to funeral visitation, the Fifth Circuit has applied Sandin in non-punitive situations.  In Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995), the Fifth Circuit, commenting on the decision in Sandin v. Connor, supra, held that it is difficult to see that any other deprivation in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional "liberty" status.  The court held that there was no liberty interest in the constitutionality of parole review procedures. Id.  In Bulgur v. United States Bureau of Prisons, 65 F.3d 48(5th Cir. 1995), the Court, citing Sandin v. Connor, supra, held that there was no protected liberty interest in an inmate's termination from and subsequent reassignment to a prison job.  The plaintiff in that case alleged that certain federal regulations created a protected liberty interest in his prison job.  Again citing Sandin, the Court held that reliance on the language of the regulations was misplaced, and instead focused on whether the termination and reassignment would inevitably affect the duration of his sentence. Id at 50.  In so finding, the Court reasoned that since the loss of a prison job did not affect the duration of his sentence, Sandin precluded a finding that mandatory language created a

liberty interest. Id.   Thus, Plaintiff's claim fails to rise to the level of a constitutional violation.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  28 U.S.C. § 1915(d); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

For the reasons heretofore stated, the Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(d).

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 12th day February 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE